UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN CROCKER, | No.  2:26-cv-00691-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| COUNTY OF AMADOR, et al., | |
| Defendants. | |

Plaintiff Benjamin Crocker proceeds pro se in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). Plaintiff has filed an application in support of his request to proceed in forma pauperis which makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) The request will be granted.

I.      SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam).

1

## II.    ALLEGATIONS IN THE COMPLAINT

The Complaint arises from an arrest taking place on October 29, 2025. (ECF No. 1 at ¶ 10.) Plaintiff alleges he was fishing at a river when he was arrested by "multiple" Amador County Sheriff Deputies for an alleged nonviolent misdemeanor warrant from El Dorado County. *Id*. Plaintiff alleges he was never shown the El Dorado County warrant, nor was he given the warrant upon his release. *Id*. Plaintiff further alleges he suffers from a heart arrhythmia, and nearly lost consciousness while being arrested. *Id*. at 11. Plaintiff claims an unnamed Sheriff's Deputy performed a sternum rub on him, which he alleges left a scar. *Id*.

On October 29, 2025, the Complaint alleges Plaintiff was released on bond, but that Plaintiff was not taken immediately to a magistrate. *Id*. at ¶ 12. Plaintiff alleges further irregularities resulting from his arrest, such as an inability to trace his case number on the El Dorado County Superior Court website, receiving word from an El Dorado Deputy District Attorney that there is no pending case against Plaintiff, and an inability to obtain the arrest warrant. *Id*. ¶¶ 13-20.

The Complaint has a third section titled "BASIS FOR PRE-EXISTING CLAIM DATED 9/4/2025," which makes allegations of police and judicial misconduct unrelated to Plaintiff's causes of action as described below. *Id*. ¶¶ A-C.

## III.    PLEADING STANDARDS

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

2

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## IV.    THE COMPLAINT FAILS TO STATE A CLAIM

The Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court considers below whether plaintiff has alleged an unreasonable seizure under the Fourth Amendment to meet the essential elements for a claim under the Civil Rights Act. Separately, the Court analyzes Plaintiff's Bane Act and California Tort Claims Act causes of action, Plaintiff's claim for a violation of Article 1, Section 13 of the California Constitution, negligence, *Monell* liability, and battery.

///

3

### a. Excessive Force under 42 U.S.C. § 1983

The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Police officers violate an individual's Fourth Amendment rights when they use excessive force during an arrest. *See Graham v. Connor*, 490 U.S. 386, 396 (1989). Such claims are assessed using a standard of objective reasonableness. *Blanford v. Sacramento County*, 406 F.3d 1110, 1115 (9th Cir. 2005).

Here, Plaintiff alleges Defendant County of Amador and Does 1-50 engaged in excessive force against Plaintiff. (ECF No. 1 at ¶¶ 28-34.) However, Plaintiff cannot pursue this cause of action against Defendant County of Amador without pleading *Monell* liability, which is described in detail below. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.") Further, the Complaint fails to plead factual allegations regarding Defendants' alleged excessive force. Therefore, the Court recommends Plaintiff's excessive force claim be dismissed with leave to amend to the extent he can plead factual allegations to support his excessive force claim and plead *Monell* liability against Defendant County of Amador.

### b. Bane Act (Cal. Civ. Code § 52.1) and California Tort Claims Act (Cal. Govt. Code §§ 815.2, 820)

"The Bane Act civilly protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out by 'threats, intimidation, or coercion.'" *Reese v. County of Sacramento*, 888 F. 3d 1030, 1040 (9th Cir. 2018) (citation omitted). Pleading facts "to support an unreasonable seizure, and as such, the use of excessive force is enough to satisfy the threat, intimidation, or coercion element of a Bane Act claim." *Estate of Nunis by and through Nunis v. City of Chula Vista*, 2023 WL 6035705, at *3 (S.D. Cal. Feb. 8, 2023) (citation omitted). In addition, the Complaint must plead specific intent by a defendant to violate a plaintiff's constitutional rights. *See Nunis*, 2023 WL 6035705, at *4.

Here, Plaintiff brings a Bane Act claim against Defendant County of Amador and Does 1-50. (ECF No. 1 at ¶ 35.) Plaintiff alleges Defendants "intentionally interfered with [his] exercise

4

and enjoyment of [his] civil rights," "used threats and coercion to prevent [him] from insisting on [his] rights," and that "Defendants intentionally interfered with and showed a reckless disregard for [Plaintiff's] right to be free of excessive force..." *Id*. at ¶¶ 36-37, 39. Plaintiff's allegations are a "formulaic recitation of the elements of a cause of action," and are insufficient to state a claim under the Bane Act. *Twombly*, 550 U.S., at 555. The Court recommends dismissing Plaintiff's Bane Act claim with leave to amend to the extent he can plead factual allegations to support his claim.

Separately, Plaintiff has failed to state a claim under the California Tort Claims Act. The Act requires that "'all claims for money damages against local public entities' or public employees acting within the scope of that employee's public right must be presented to the employer." *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1224 (E.D. Cal. 2009) (citing Cal Gov. Code §§ 905, 950.2). This is "an element of the plaintiff's cause of action," and a failure to plead this element bars the claim. *See Creighton*, 628 F. Supp. At 1225; *see also Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1477 (9th Cir. 1995.). The Complaint fails to contain allegations that Plaintiff fulfilled the presentment element of the California Tort Claims Act, therefore, the Court recommends this claim be dismissed with leave to amend to the extent Plaintiff can plead factual allegations to support his claim.

### c.  Article 1, § 13 of the California Constitution

Plaintiff alleges an excessive force violation against Defendants under Article I, Section 13 of the California Constitution. (ECF No. 1 at ¶¶ 43-49.) Article I, Section 13 of the California Constitution states "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable seizures and searches may not be violated…" *Estate of Hennefer v. Yuba County, California*, 2023 WL4108077, at *7 (E.D. Cal. Jun. 21, 2023.) (quoting Cal. Const. art. 1 § 13). This Court has consistently held that Article I, Section 13 of the California Constitution does not provide a private right of action for damages. *See Wood v. County of Stanislaus*, 2024 WL 3951113, at *9 (E.D. Cal. Aug. 27, 2024); *Murphy v. Moore*, 2024 WL 4249472, at *9 (E.D. Cal. Sept. 30, 2024). Therefore, the Court recommends dismissing the California Constitutional claim without leave to amend.

### d. Negligence

Plaintiff brings a negligence claim against Defendants. (ECF No. 1 at ¶¶ 50-53.) To state a claim for negligence, a plaintiff must allege "(a) legal duty to use care; (b) a breach of legal duty; [and] (c) the breach is the proximate or legal cause of the resulting injury." *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1186 (S.D. Cal. 2010) (quoting *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996)). The Complaint fails to plead any of these elements, instead, it lists conclusory "actions and inactions," made by Defendants that it deems negligent. (ECF No. 1 at ¶ 51.) Therefore, Court recommends the negligence claim be dismissed with leave to amend to the extent Plaintiff can plead facts to support his claim.

### e. *Monell* Liability under 42 U.S.C. § 1983

Plaintiff alleges a *Monell* claim against Defendant County of Amador. *Id*. at ¶ 54. Municipalities cannot be held vicariously liable under § 1983 for the actions of their employees. *Monell v. Dep't of Social Services*, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. Municipalities are considered "persons" under 42 U.S.C. § 1983 and therefore may be liable for causing a constitutional deprivation. *Monell*, 436 U.S. 658, 690 (1978); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). To properly plead a *Monell* claim based on an unconstitutional custom, practice, or policy, plaintiff must demonstrate that (1) he possessed a constitutional right of which he was deprived; (2) the municipality had a policy; (3) such policy amounts to deliberate indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation. *See Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). The municipal policy at issue must be the result of a "'longstanding practice or custom which constitutes the standard operating procedure of the local government entity.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 984-85 (9th Cir. 2002)).

Plaintiff alleges he was deprived of his Fourth and Fourteenth Amendment rights by the

actions of Defendant County of Amador. (ECF No. 1 at ¶ 55.) The Complaint alleges the following policies contributed to a deprivation of his rights: (1) "employing and retaining as police officers and other personnel… Defendants…knew or reasonable should have known had dangerous propensities for abusing their authority and for mistreating citizens…" (2) "inadequately supervising, training, controlling, assigning, and disciplining… officers and other personnel…" (3) "failing to adequately train officers… and failing to institute appropriate policies regarding the use of excessive force and unreasonable searches and seizures…" (4) "by having and maintaining an unconstitutional policy, custom, and practice of using excessive force and failing to properly transport or move injured citizens…" (5) "failing to adequately discipline county sheriff officers…" (7) "maintaining a policy of inaction and an attitude of indifference towards citizen complaints of excessive force and false arrests/unlawful detentions…" and (8) "failing to institute or adequately address inherent problems with the COUNTY's officers' treatment, unlawful detentions, arrests, and use of force on citizens." (ECF No. 1 at ¶ 58.)

Plaintiff's allegations are conclusory and fail to provide any factual linkage between the alleged policies of Defendants and the deprivation of Plaintiff's Fourth and Fourteenth Amendment rights. The Court recommends Plaintiff's *Monell* claims be dismissed with leave to amend to the extent he can plead factual allegations to support his claims.

### f. Battery

Last, Plaintiff alleges a battery claim against Defendants. (ECF No. 1 at ¶¶ 69-72.) To state a battery claim, Plaintiff must allege (1) a defendant "intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person, (2) plaintiff did not consent to the contact, and (3) the contact caused injury, damage, loss or harm to the plaintiff." *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 748 (E.D. Cal. 2008). To succeed on a battery claim against a police officer, a plaintiff must establish that the officer used unreasonable force. *Munoz v. City of Union City*, 120 Cal. App. 4th 1077, 1102 (2004).

Plaintiff alleges he was "intentionally and unlawfully detained," and that Defendants used force against him without probable cause. (ECF No. 1 at ¶ 70.) Plaintiff alleges Defendants Does 1-50 aggravated an arrhythmia at the time of his detention and that he "repeatedly informed the

7

officers [he] was seriously injured and had significant difficulty complying." *Id*. Plaintiff alleges Defendants "failed to loosen their grips… or check on [Plaintiff's] safety until after a sternum rub removed the skin from [his] chest." *Id*.

Plaintiff's allegations are confusing and conclusory, and the Court recommends dismissal and granting leave to amend to the extent he can allege factual allegations to support his claims.

**V.    CONCLUSION**

The Complaint must be dismissed, but Plaintiff is granted leave to file an amended complaint for all claims besides his California Constitutional claim. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

In any amended complaint, Plaintiff shall comply with Local Rule 140(a), which instructs as to filings in civil actions to "use initials [instead of full names] … when the specific identity of the minor is not necessary to the action or individual document."

For the reasons set forth above, it is ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

Further, it is RECOMMENDED that:

1. Plaintiff's 1983, Bane Act, California Tort Claims Act, Negligence, *Monell*, and battery claims be DISMISSED with leave to amend.

2. Plaintiff's California Constitutional claim be DISMISSED without leave to amend.

3. Plaintiff is granted 30 days from the date of service of the District Court's order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 1, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7, croc26cv691.screen